UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRACY HUNIHAN,

                      Plaintiff,

    -against-

LONDON LENNIE'S INC., LESLIE BARNES,
LESLIE BARNES, RIC ORIEL, ESTHER KALPAXIS,
and SANTIAGO BITTAR in their personal and professional
capacities,

                    Defendants.
------------------------------------------------------------------------X

Case No. 1:22-cv-7606

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiff TRACY HUNIHAN, (hereinafter referred to as "Plaintiff"), by and through her attorneys, BERLINGIERI LAW, PLLC, as and for her Complaint in this action against the Defendants LONDON LENNIE'S INC., LESLIE BARNES, LESLIE BARNES, RIC ORIEL, ESTHER KALPAXIS, and SANTIAGO BITTAR in their personal and professional capacities, (collectively referred to as "Defendants"), respectfully alleges as follows:

### NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) Title VII of the Civil Rights Act of 1964, ("Title VII") as codified, 42 U.S.C.§§ 2000e to 2000e-17 as amended *et seq*.; (ii) retaliation under the Title VII; (iii) discrimination under the Americans with Disabilities Act of 1990, ("ADA") as amended, 42 U.S.C. §§ 12101, et seq.; (iv) retaliation under ADA; (v) discrimination under New York State Human Rights Law ("NYSHRL"), Art. 15 Executive Law Sec. 296 *et seq*.; (vi) retaliation under NYSHRL; (vii) aiding and abetting discrimination under NYSHRL; (viii) discrimination under the New York City Human Rights Law ("CHRL") § 8-107 *et seq.*, New York City Admin. Code, Ch. 1 - § 8-107; (ix) retaliation under CHRL; (x)

aiding and abetting discrimination under CHRL; (xi) interference with rights under CHRL; (xii) supervisory liability under CHRL 8-107(13); (xiii) Negligence *Respondeat Superior;* (xiv) Negligence *Respondeat Superior*; (xv) Negligent Supervision; Hiring and Training; (xvi) Negligent Infliction of Emotional Distress; (xvii) the requirement that employers furnish employees with wage notices at the time of hire or annually containing specific categories of information under New York Labor Law ("NYLL"), NYLL § 195(1); (xviii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under violations of NYLL § 195(3); and any other claims(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 12101, 42 U.S.C. § 2000(e).

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

5. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about February 11, 2022, against London Lennies, Inc., EEOC No. 520-2022-03616.

6. On September 28, 2022, the EEOC issued Plaintiff a Notice of Right to Sue Letter appended hereto as Exhibit A.

7. Plaintiff has exhausted all administrative remedies, statutory prerequisites and conditions precedent under state and federal law.

8. Fees and costs are sought pursuant to 42 U.S.C. § 1988.

## THE PARTIES

9. At all times relevant to this Complaint, Plaintiff was and is an individual residing in the County of Queens, State of New York.

10. Defendant London Lennies' Inc. ("LLI'") is a corporation organized and existing under and by virtue of the laws of the State of New York and operates a restaurant located at 63-88 Woodhaven Blvd, Queens, NY 11374.

11. Upon information and belief, at all times relevant to this Complaint, Defendant LLI maintained more than (15) employees.

12. Upon information and belief, at all times relevant to this Complaint, Defendant LLI has employed twenty (20) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year and meets the definition of an "employer" under ADA and all applicable state and local statutes.

13. Upon information and belief, Defendant Leslie Barnes ("Barnes") was the owner/operator of LLI.

14. Upon information and belief, at all times relevant to this Complaint, Defendant Barnes was and is a resident of the State of New York.

15. Upon information and belief, Defendant Ric Oriel ("Oriel") was and is a LLI employee with a place of employment at 63-88 Woodhaven Blvd, Queens, NY 11374.

16. Upon information and belief, at all times relevant to this Complaint, Defendant Oriel was and is a resident of the State of New York.

17. Upon information and belief, Defendant Esther Kalpaxis ("Kalpaxis") was and is a LLI employee with a place of employment at 63-88 Woodhaven Blvd, Queens, NY 11374.

18. Upon information and belief, at all times relevant to this Complaint, Defendant Kalpaxis was and is a resident of the State of New York.

19. Upon information and belief, Defendant Santiago Bittar ("Bittar") was and is a LLI employee with a place of employment at 63-88 Woodhaven Blvd, Queens, NY 11374.

20. All named defendants above shall be collectively referred to as ("Defendants").

## BACKGROUND FACTS

21. Plaintiff's sex is female.

22. Plaintiff suffers from disabilities (anxiety and heat fatigue in high temperatures).

23. Plaintiff worked as a server at LLI's restaurant location 63-88 Woodhaven Blvd, Queens, NY 11374, hereinafter referred to as the ("workplace").

24. Plaintiff worked at LLI as a server from approximately October 19, 2019, until March 16, 2020, and was furloughed during the COVID-19 shut down and then in April 13, 2021 Plaintiff started her most recent employment at the restaurant on or about April 20, 2021 until her termination on or about July 11, 2021.

25. Defendant Mr. Barnes owns LLI.

26. Defendants Mr. Oriel, Ms. Kalpaxis and Mr. Bittar were Plaintiff's supervisors/managers.

27. LLI had indoor and outdoor dining seating.

28. Plaintiff performed her job duties to the satisfaction of her customers and employer.

29. Plaintiff was a top seller of expensive menu items such as crab and other high end seafood and up-sold customers on top-shelf liquor and cocktails and had top rated customer service at the restaurant, patrons, co-workers and ownership liked Plaintiff overall.

30. Shortly after hire, Plaintiff disclosed to Defendants that that she had a disability (anxiety). Plaintiff informed Defendants that she was diagnosed with anxiety and was in treatment.

31. Shortly after commencing her employment, Plaintiff began to suffer harassment from Mr. Oriel and Ms. Bittar.

32. Mr. Oriel and Mr. Bittar spoke down to Plaintiff, micromanaged her and ridiculed her for miniscule things.

33. Plaintiff exceeded all performance expectations and explained to Ms. Kalpaxis that Mr. Oriel and Mr. Bittar spoke down to Plaintiff, micromanaged her and ridiculed her for miniscule things, however no action was taken against Mr. Oriel or Mr. Bittar.

34. Plaintiff complained to Ms. Kalpaxis about the harassment from Mr. Oriel and Ms. Bittar.

35. Plaintiff complained to Mr. Barnes about harassment from Mr. Oriel and Ms. Bittar.

36. In or around late June 2021 and early July 2021, the temperatures rose to 80-90 degrees or greater in New York City.

37. Plaintiff began to experience heat fatigue while working outdoors, that increased the symptoms of her anxiety.

38. During her employment prior to the 90 degree days, Plaintiff typically worked indoor and outdoor seating areas.

39. Plaintiff raised concerns to Ms. Kalpaxis, Mr. Oriel and Ms. Bittar that she was experiencing heat fatigue, was going to the doctor and that this increased her anxiety.

40. Plaintiff then complained about being placed outside only on the hottest days.

41. Defendants made Plaintiff work outdoors for a majority of her work.

42. Plaintiff was denied breaks or the ability to cool down.

43. Plaintiff informed Ms. Kalpaxis on or about July 2, 2021, that she was going to get her doctors note for her heat fatigue.

44. Plaintiff requested a reasonable accommodation to Defendants to work indoors on the high temperature days and/or have the ability to come indoors cool down and have a break if needed.

45. Defendants failed to engage in the interactive process with Plaintiff.

46. Plaintiff informed Defendants that she was seeing a doctor and could not work on July 7, 2021, due to heat fatigue symptoms and the lack of an accommodation.

47. Ms. Kalpaxis informed Plaintiff that it was a "new day" and that she should get to work and totally disregarded Plaintiff's request for an accommodation should the temperatures rise to the point where Plaintiff feels heat fatigue and or anxiety symptoms at the workplace.

48. Ms. Kalpaxis failed to further communicate with Plaintiff regarding her request for accommodations.

49. Plaintiff reached out to Mr. Barnes regarding her reasonable accommodation request but did not receive any adequate response regarding her request.

50. Plaintiff saw her medical provider on or about July 8, 2021 after experiencing debilitating symptoms of heat fatigue while working at LLI.

51. Plaintiff informed Ms. Kalpaxis that she had a doctor's visit and had a doctor's note to submit for her absence the day prior and in support of her reasonable accommodation request but was unable to retrieve it from the doctor's office because she was scheduled for work.

52. Plaintiff informed Ms. Kalpaxis that she would provide the note as soon as possible.

53. Plaintiff spoke with LLI's office manager Anna (last name unknown) regarding her request for accommodation and submitting a doctors note in or around July 9, 2021.

54. On or about July 11, 2021, Plaintiff reported to work.

55. Plaintiff proceeded to get her staff meal as permitted by LLI, there were no customers in the restaurant at the time of Plaintiff arrival for her shift.

56. Mr. Oriel and Ms. Kalpaxis approached Plaintiff and informed Plaintiff that she no longer worked for LLI and was terminated.

57. Mr. Oriel and Ms. Kalpaxis antagonized Plaintiff and sprung the termination on her in front of her co-workers at the beginning of her shift.

58. Mr. Oriel and Ms. Kalpaxis accused Plaintiff of stealing a black apron.

59. Plaintiff denied stealing the apron and stood her ground.

60. Mr. Oriel taunted Plaintiff and let her know that she no longer had a job.

61. Mr. Bittar failed calm the situation and made matters even worse.

62. Mr. Oriel and Mr. Bittar then forcibly grabbed Plaintiff and forced her out of the restaurant.

63. While Mr. Oriel and Mr. Bittar were forcibly escorting Plaintiff out of the restaurant, Plaintiff felt repetitive pelvic thrusts to her buttock, Mr. Oriel and Mr. Bittar purposefully rubbed against Plaintiff's body while removing her.

64. Plaintiff was attacked physically because she is a woman and overpowered by her two male managers.

65. Ms. Kalpaxis made offensive comments to Plaintiff upon her termination because Plaintiff complained about being mistreated, due to her disability and requests for accommodations.

66. Plaintiff submitted her doctors note dated July 8, 2021 to Defendants via email and text to Mr. Barnes, Ms. Kalpaxis and Anna.

67. Plaintiff called Defendants several times to discuss her requests for accommodations and her termination.

68. Even more alarming, Defendants' management would not be available to hear Plaintiff's medical concerns and purposefully avoided her text messages, calls and questions and ignored her.

69. Plaintiff requested to speak to Mr. Barnes about her termination and requests for accommodations, however Mr. Barnes failed to reply.

70. Defendants conduct was extreme and outrageous.

### AS A FIRSTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### TITLE VII

71. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

72. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

73. Defendant LLI engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing sex/gender discrimination and causing a hostile work environment.

74. Defendant violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER
### TITLE VII

75. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

76. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of h[er] employees . . . because [s]he has opposed any practice made an unlawful employment

8

practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

77. Defendant LLI engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

78. Defendant LLI violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION
FOR DISCRIMINATION UNDER ADA**

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. Plaintiff claims Defendant LLI violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

81. ADA SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

82. Defendant LLI violated the section cited herein by failing to consider Plaintiff's requests for a reasonable accommodation, as well as discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of disabilities.

83. Defendant violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION
### FOR RETALIATION UNDER ADA

84. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85. ADA SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

86. Defendant LLI violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW

87. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

88. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

89. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex, and disability and prior complaints, and requests for accommodations and causing a hostile work environment based on sex and disability.

90. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

10

## AS A SIXTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW

91. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

92. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

93. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff causing her constructive discharge.

## AS A SEVENTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## NEW YORK STATE LAW

94. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

95. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

96. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY HUMAN RIGHTS LAW

97. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

98. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

99. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's disability and gender and prior complaints and requests for accommodations.

100. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS A NINTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE NEW YORK CITY HUMAN RIGHTS LAW

101. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

102. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate

against any person because such person has opposed any practices forbidden under this chapter. . ."

103. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

## AS A TENTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## THE NEW YORK CITY HUMAN RIGHTS LAW

104. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

105. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS AN ELEVENTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER
## THE NEW YORK CITY HUMAN RIGHTS LAW

106. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

107. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or

enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

108. Defendants violated the above section as set forth herein.

### AS A TWELFTH CAUSE OF ACTION FOR SUPERVISORY LIABILITY UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

109. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

110. Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, Agent or Independent Contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

111. Defendants violated the above section as set forth herein.

### AS A THIRTEENTH CAUSE OF ACTION
### FOR NEGLIGENCE RESPONDEAT SUPERIOR

112. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

113. The above described LLI defendant and individual Defendants breached their of maintaining a safe and harassment free workplace and keeping the protection and safety of employees like Plaintiff at the workplace.

114. Defendants are vicariously liable for the physical and emotional injuries suffered by the Plaintiff due to the intentional, deliberate, malicious and reckless assault, threat, affront, abuse, insult and harassment of the Plaintiff by the individual Defendants under the doctrine of respondent superior.

115. As a result of this experience, Plaintiff is afraid of the safety of her and her family's lives and is afraid for her personal safety, has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

### AS A FOURTEENTH CAUSE OF ACTION
### FOR NEGLIGENT SUPERVISION, RETENTION AND TRAINING

116. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

117. Defendant LLI is responsible for the training and supervision of all employees, agents, contractors and subcontractors who manage the premises including but not limited to the schools and employee/patron safety and have a duty to stop/prevent wrongful acts from occurring on the premises.

118. The actions of individually named Defendants are the responsibility of and are imputed to and binding upon Defendant LLI.

119. Defendant LLI had a duty to prevent employees/servants/agents, including individual Defendants from acting or engaging in unlawful and/or tortious conduct.

120. The Defendant LLI negligence in hiring, supervising, training and retaining employees/servants/agents that engaged in tortious and/or otherwise unlawful conduct was the direct and proximate cause of Plaintiff's severe injuries.

121. Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

### AS A FIFTEENTH CAUSE OF ACTION
### FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL INDIVIDUAL DEFENDANTS)

122. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

123. As described above, all individual Defendants knew or should have known that they intended to cause Plaintiff emotional distress.

124. All individual Defendants' conduct was extreme and outrageous in their own ways.

125. Plaintiff was in the zone of danger from said individual Defendants' actions, and it could be foreseeable that their actions could or would cause emotional distress upon the Plaintiff.

126. Plaintiff was in the zone of danger created by said individual Defendants' actions / omissions when they negligently inflicted emotional distress unto her.

127. The said individual Defendants' actions in perpetrating the above-described conduct, inflicted emotional distress as a result to Plaintiff.

16

128. The said individual Defendants' actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

129. Defendants' actions did in fact cause the Plaintiff to suffer severe emotional distress.

130. As a further result of the conduct of the Defendant, the Plaintiff had been and, in the future will be unable to enjoy all of those of life's activities.

131. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

## DEMAND FOR TRIAL BY JURY

132. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned federal and New York State laws;

b. Awarding Plaintiff all damages;

c. Awarding Plaintiff compensatory damages;

d. Awarding Plaintiff punitive damages;

e. Awarding Plaintiff consequential damages;

f. Awarding Plaintiff NYLL statutory damages;

g. Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

h. Pre-judgment and post-judgment interest, as provided by law; and

     i.    Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: December 14, 2022
New York, New York

                Respectfully submitted,

By:   *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ. (CB 1988)
BERLINGIERI LAW, PLLC
*Attorney for Plaintiff*
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.:  (347) 766-5185
Fax:  (914) 730-1044
Email: cjb@nyctlaw.com

# EXHIBIT A

| EEOC Form 161-B (01/2022) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
|---|---|
| | **NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)* |

| To: | **Tracy Hunihan**<br>**61-41 62nd Road Floor 2**<br>**Middle Village, NY 11379** | From: | **New York District Office**<br>**33 Whitehall St, 5th Floor**<br>**New York, NY 10004** |
|---|---|---|---|

| EEOC Charge No.<br>**520-2022-03616** | EEOC Representative<br>**Madeline McGrath,**<br>**Investigator** | Telephone No.<br>**929506-5291** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

  More than 180 days have passed since the filing of this charge.

  The EEOC is terminating its processing of this charge.


**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**


If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Timothy Riera
09/15/2022

Enclosures(s)

**Timothy Riera**
**Acting District Director**

cc: **Leslie Barnes**
**London Lennie'S, Inc.**
**63-88 Woodhaven Blvd**
**Rego Park, NY 11374**
**Robert N Swetnick**
**Dunnington Bartholow & Miller LLP**
**230 PARK AVE FL 21**
**New York, NY 10169**

**Christopher J Berlingieri**
**BERLINGIERI LAW, PLLC**
**244 Fifth Avenue Suite F276**
**New York, NY 10001**